CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
APR 0 1 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BROOKS J. TERRELL, | )<br>)<br>) |
| Plaintiff, | ) Case No. 7:09CV00069<br>) |
| v. | )<br>) **MEMORANDUM OPINION** |
| CAPTAIN WILSON, ET AL., | )<br>) By: Hon. James C. Turk |
| Defendant(s). | ) Senior United States District Judge<br>) |

Plaintiff Brooks J. Terrell, a federal inmate at the United States Penitentiary in Jonesville, Virginia ("USP Lee") brings this pro se civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331. In his complaint, Terrell alleges that the defendants sexually and physically assaulted him and then placed him in a cell with unacceptable living conditions, in violation of his Eighth Amendment rights. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

### Background

Terrell offers the following brief allegations on which he bases his claims:

On Jan. 17, 2009 in SHU at USP Lee County C/O Keyon [and C/O Kegley] ran into my cell and brutally beat and jump on me and sexual assault me. . . . On Jan. 17th 2009 in SHU at USP Lee County Captin Wilson placed me in a cell without a bed or

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

any toilet or facilities while I was in restrai[nts], the Black Box, belly chains and shackles for 24 hours.

(Compl. 2). The court filed the complaint conditionally and granted Terrell an opportunity to provide additional documentation of exhaustion of administrative remedies and to amend his allegations to offer facts in support of his claims.

Terrell responded to the conditional filing order by submitting some additional documentation and the following additional allegations. He alleges that the officers ran into his cell and started beating his face and head area with closed fists. They also rammed his head and face into the floor. While he was on the floor, he felt something penetrating his anus. After the assault, officers placed him in shackles, handcuffs, belly chains, and the Black Box for 24 hours in a dry cell with no bed or toilet. Then, he was placed in another cell where the toilet did not flush and the bunk beds had no stool or ladder. The injuries he suffered were swollen knots on his forehead, a gash above his left eye, a sore anus, and hurt shoulders and arms. He asserts that Captain Wilson ordered the assault and the assignment to the stripped cells in violation of Bureau of Prisons ("BOP") policy.

Terrell submitted some documentation with his complaint regarding his exhaustion of administrative remedies and additional documentation with his response. He filed Remedy #525314-R1 concerning the alleged physical and sexual assault on January 17, 2009, and received a first level response on February 12, 2009. His submissions indicate that he appealed this remedy to the next level of the administrative remedies procedure, but that the appeal response was not due until March 28, 2009. Terrell signed and dated his <u>Bivens</u> complaint on February 2, 2009. Terrell filed a separate informal resolution form regarding his complaints about cell conditions following the

- 2 -

Case 7:09-cv-00069-JCT-mfu Document 10 Filed 04/01/09 Page 2 of 4 Pageid#: 33

January 17, 2009 assault. He admits in his response that this first level remedy is also still on appeal at the next level of the administrative remedies procedure.

## Discussion

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required under § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion on its own motion and "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of Terrell's submissions that he did not complete the available administrative remedies procedures before filing this lawsuit. He admits that the initial remedies he filed were still on appeal when he filed the complaint or are still on appeal even now. He argues that exhaustion means simply pursuing the remedy. The court cannot agree. Exhaustion, by its plain meaning, requires that the inmate not only file an administrative appeal, but wait until the appeal proceedings are concluded. Until he has done so, he has not given prison officials a fair opportunity

- 3 -

to address his complaint, one of the primary justifications for the exhaustion requirement in the first place. Terrell argues that he is not required to plead exhaustion in his complaint, and he is correct. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, if he files his complaint before completing the exhaustion process, defendants will move for dismissal on that ground, and his suit will be dismissed. Therefore, it is in the interest of judicial economy (and in the plaintiff's own best interest) for the court to summarily dismiss a civil action if it is clear from his own submissions that he has not exhausted administrative remedies as required before filing that civil action. Anderson, 407 F.3d at 682. Dismissal on this ground, pursuant to § 1997e(a), is without prejudice. Once Terrell receives responses to his pending appeals, he may then refile his claims in a new civil action. If he chooses to refile his claims, however, he is advised to provide in the complaint itself a more detailed version of the facts on which his claims are based, as the court will not require the defendants to sift through his grievances for his allegations.

## Conclusion

Because it is clear from the face of plaintiff's submissions that he did not exhaust administrative remedies as to his claims before filing this civil action, as required under § 1997e(a), the court concludes that the action must be dismissed without prejudice. An appropriate order shall be issued this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _31st_ day of March, 2009.

*James C. Turk*
Senior United States District Judge